J-S06005-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| EVAN DAVIS | : | |
| | : | |
| Appellant | : | No. 428 EDA 2021 |

Appeal from the PCRA Order Entered January 14, 2021,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0005486-2013.

BEFORE: KUNSELMAN, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY KUNSELMAN, J.:              **FILED MARCH 28, 2022**

Evan Davis appeals *pro se* from the order denying his second petition filed pursuant to the Post Conviction Relief Act ("PCRA") as untimely filed and otherwise without merit. 42 Pa.C.S.A. §§ 9541-46. We affirm.

The pertinent facts and procedural history are as follows: On July 25, 2016, a jury convicted Davis of third-degree murder and related charges. That same day, the trial court imposed an aggregate sentence of twenty to forty years of imprisonment. Davis appealed, we affirmed his judgment of sentence on September 7, 2017, and our Supreme Court denied his petition for allowance of appeal on February 14, 2018. ***Commonwealth v. Davis***, 178 A.3d 139 (Pa. Super. 2017) (non-precedential decision), *appeal denied*, 181 A.3d 1079 (Pa. 2018).

On September 7, 2018, Davis filed a timely *pro se* PCRA petition. The PCRA court appointed counsel, who filed a motion to withdraw and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Thereafter, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss this petition without a hearing. Davis did not file a response. By order entered February 28, 2019, the PCRA court permitted PCRA counsel to withdraw and denied Davis' PCRA petition. Davis appealed, and this Court affirmed the order denying post-conviction relief on August 31, 2020. **Commonwealth v. Davis**, 240 A.3d 211 (Pa. Super. 2020).

On November 13, 2020, Davis filed the *pro se* PCRA petition at issue. On December 7, 2020, the PCRA court issued a Rule 907 notice of its intent to dismiss the petition without a hearing because it was untimely, and Davis did not establish an exception to the PCRA's time bar. Davis did not file a response. By order entered January 14, 2021, the PCRA court denied Davis' petition. This appeal followed. The PCRA court did not require Pa.R.A.P. 1925 compliance.[1]

_____

[1] On June 1, 2021, Davis filed a petition to stay and remand this case to the PCRA court pursuant to Pa.R.Crim.P. "720(C) related to after-discovered evidence." Petition, 6/1/21 at 1. On June 25, 2021, we denied Davis' petition "without prejudice to [Davis'] right to raise the issue in his petition in [his] brief." Davis challenges the denial of his petition for remand in his second issue. **See infra**.

Davis raises the following issues:

1. Did the PCRA court err by abusing its discretion for failing to order an evidentiary hearing, where [Davis] raised material issues of facts, after:

   A) denying [Davis'] after-discovered evidence of investigating detectives['] history of misconduct and who had been exposed as corrupt and criminal individuals that has abused their position of trust with the Philadelphia Police Department.

   B) [concluding that Commonwealth witness Shynetta Benyard's letter did not constitute a] recantation and that it did not meet the requirements of newly-discovered facts exception.

   C) failing to find PCRA counsel ineffective, [where] she had the duty to review [Davis'] case in its entirety.

2. Should have [Superior] Court remand[ed] this matter to the lower court (court of common pleas) for further [proceedings] based upon the additional "after-discovered evidence" regarding the corrupt and criminal [activities] of Detective (Nathan Williams) and the second Commonwealth witness (Byron Banks) recantation.

Davis' Brief at 4.

This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

> The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant

- 3 -

> is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

*Commonwealth v. Blakeney*, 108 A.3d 739, 750 (Pa. 2014) (citations omitted).

Before addressing Davis' issues, we must first determine whether the PCRA court was correct in its conclusions that his second PCRA petition was untimely filed, and that he failed to establish a time-bar exception. The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). A petition invoking one of these statutory exceptions must be filed within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). In addition, exceptions to

the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal. *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a) (providing issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception "neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Derrickson*, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, Davis' judgment of sentence became final on May 15, 2018, ninety days after our Supreme Court denied his petition for allowance of appeal, and the time for filing a writ of *certiorari* to the United States Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13.1. Therefore, Davis had until May 15, 2019, to file a timely petition. Because Davis filed the petition at issue in 2020, it is untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. *See Hernandez*, *supra*.

Davis has failed to plead and prove an exception to the PCRA's time bar. In his petition, Davis asserted that he could prove the newly-discovered-fact exception, because he recently discovered an article stating the lead investigators in his case had engaged in misconduct. In addition, he also asserts that "in a fortuitous turn of events" he received a letter from Shynetta

Benyard, his former girlfriend called by the Commonwealth at trial, in which she stated that these investigators coerced a false statement from her. Davis' Brief at 10. According to Davis, both claims constitute "after-discovered" evidence which warrant a new trial.

Davis argues that he had established the newly-discovered-fact exception to the PCRA's time bar. 42 Pa.C.S.A. § 9545(b)(1)(ii). This Court has explained this exception as follows:

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned of those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.
>
> The timeliness exception set forth at Section 9545(b)(1)(ii) has often mistakenly been referred to as the "after-discovered evidence" exception. This shorthand reference was a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of "after-discovered evidence." Rather, as an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered evidence claim.

***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015) (citations omitted).

We first address the PCRA court's treatment of Ms. Benyard's letter. The court rejected Davis' claim that the letter established the newly-discovered-fact exception to the PCRA's time bar because he could not establish due diligence. The court explained:

> [Davis'] claim with respect to the July 11, 2020 letter from Shynetta Benyard, alleging that detectives intimidated her in the months leading up to trial [] fails to meet the requirements of the newly-discovered facts exception. As [our Supreme Court explained in **Commonwealth v. Small**, 238 A.3d 1267 (Pa. 2020)], the statutory language of the newly-discovered fact exception commands that the operative facts be actually unknown to [Davis]. [**Small**], 238 A.3d at 1286. That is clearly not the case with respect to this claim, as [Davis] raised it as a defense at trial. At trial, [Ms.] Benyard testified that she was in Delaware at the time of the shooting, and directly contradicted factual averments presented in her statement to Detective Singleton. None of the allegations in [Ms.] Benyard's July 11, 2020 letter reveal any new factual basis for relief beyond the facts presented by [Ms.] Benyard to the jury at trial. Not only were the instant facts known to [Davis] at the time of trial, but they were presented to the jury during [Ms.] Benyard's testimony. Accordingly, [Davis] fails to plead an[d] prove that the instant claim falls under the newly-discovered fact exception, and [the PCRA court] is devoid of jurisdiction to address it.

PCRA Court Opinion, 1/14/21, at 7-8.

Our review of Ms. Benyard's trial testimony supports the PCRA court's conclusion that her 2020 letter does not contain facts previously unknown to Davis. At trial, she denied previously telling the prosecutor that she was treated fairly and did not remember the statement she gave to Detective Singleton. **See** N.T., 7/20/16, at 138-144. Moreover, in response to the

prosecutor's questions regarding the contents of her police statement, Ms. Benyard maintained that she was in Delaware on the night of the murder. *Id.* at 153-58. On cross-examination, she confirmed that, on the night of the victim's death, she was at her mother's house in Delaware. *Id.* at 170.

Thus, because Ms. Benyard's letter contained no previously unknown facts, the letter cannot establish the newly-discovered-fact exception to the PCRA's time bar.[2]

As to Davis' claim involving police misconduct, the PCRA court found that Davis' claim regarding the police detectives met the newly-discovered fact exception to the PCRA's time bar:

> [Davis] meet the timeliness exception to the PCRA with respect to the instant claim. The instant claim is predicated on the fact that homicide detectives [Greg] Singleton and [Nathan] Williams were transferred to a different unit due to their alleged participation in a reward splitting scheme. This fact was unknown to [Davis] and could not have been discovered through the exercise of due diligence. None of [Davis'] previous filings indicate that he may have been aware of the instant allegations during the pendency of his previous PCRA petition. Accordingly, [the PCRA court] is

---

[2] The PCRA court further found that even if it were to address the merits of Davis' claim Ms. Benyard's letter did not constitute after-discovered evidence because "[e]ach of the factual allegations contained within the letter—that [Ms. Benyard] was in Delaware, she suspected [Davis] of infidelity, and that she was allegedly harassed by police—were presented and ultimately rejected by the jury. As such this letter is merely corroborative of the evidence previously considered by the jury." PCRA Court Opinion, 1/14/21, at 11 (citations to record omitted). Our review of the record supports this conclusion and therefore refutes Davis' claim that Ms. Benyard first recanted her police statement in her 2020 letter. *See* Davis' Brief at 10.

imbued with jurisdiction to address the merits of the instant claim.

PCRA Court Opinion, 1/14/21, at 7.

Although it considered the merits Davis' after-discovered evidence claim, the PCRA court found no relief was due. To review this conclusion, we first note the test we must apply to an after-discovered evidence claim. When discussing the test in the context of a PCRA appeal, our Supreme Court recently summarized:

> [W]e have viewed this analysis in criminal cases as comprising four distinct requirements, each of which, if unproven by the petitioner, is fatal to the request for a new trial. As stated, the four-part test requires the petitioner to demonstrate the new evidence: (1) could not have been obtained prior to the conclusion of trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted. The test applies with full force to claims arising under Section 9543(a)(2)(vi) of the PCRA. In addition, we have held the proposed new evidence must be producible and admissible.

**Commonwealth v. Small**, 189 A.3d 961, 972 (Pa. 2018) (citations omitted).

In addition, we note that credibility determinations are an integral part of determining whether a PCRA petitioner has presented after-discovered evidence that would entitle him to a new trial. **See**, **e.g.**, **Small**, 189 A.3d at 978-79 (remanding for the PCRA court to make relevant credibility determinations). We have stated, prior to granting a new trial based on after-discovered evidence, "a court must assess whether the alleged after-discovered evidence is of such a nature and character that it would likely

compel a different verdict if a new trial is granted." ***Commonwealth v. Padillas***, 997 A.2d 356, 365 (Pa. Super. 2010). "In making this determination, a court should consider the integrity of the alleged after-discovered evidence, the motive of those offering the evidence, and the overall strength of the evidence supporting the conviction." ***Id.***

Here, the PCRA court explained why Davis' after-discovered evidence claim had no merit:

> [Davis'] claim concerning the conduct of Detectives Singletary and Williams fails because [Davis] fails to establish that the evidence would not be solely used to impeach or would result in a different verdict. It is true that Detectives Singleton and Williams interviewed and recorded multiple witness statements in the instant matter, including [Ms.] Benyard's statement to police indicating that she was at home with [Davis] prior to the instant shooting. However, the proffered article does not allege that Singleton or Williams was involved in fabricating false statements in violation of a defendant's rights, rather, the article contends that the detectives were involved with a scheme to split [reward] money in exchange for providing tips to a police hotline. [Davis] presents no evidence to demonstrate that any witness in this case conspired with the detectives in such a scheme, or that their testimony was tainted in accordance with such a plot.
>
> While the cited article was sufficient to alert [Davis] to the possible existence of exculpatory evidence concerning Detectives Singleton and Williams, he fails to demonstrate that either detective acted improperly during the instant investigation. No witness is alleged to have fabricated their testimony in exchange for [reward] money, and [Davis] fails to provide admissible evidence demonstrating that the detectives were actually involved in such a scheme, that the scheme was active during the time of the detectives['] investigation into the instant homicide, and that the existence of the scheme impacted their investigation of this case. Without any further evidence, [Davis'] allegation

- 10 -

constitutes an attempt to impeach the detectives' credibility and cast doubt on any witness statement or other evidence they had obtained. Because [Davis] cannot connect the alleged pattern of misconduct to the evidence presented at trial, he fails to prove the last two prongs of the [after-discovered evidence] analysis.

PCRA Court Opinion, 8-9.

Our review of the record supports the PCRA court's conclusion. Davis proffered no nexus between the detectives' alleged misconduct and the facts of his case. *See*, *e.g.*, *Commonwealth v. Foreman*, 55 A.3d 532, 537-38 (Pa. Super. 2012) (affirming denial of PCRA after-discovered evidence claim because police detective's subsequent misconduct would not lead to a different verdict; there was no nexus shown between the defendant's case and the misconduct that occurred two years later). Because the alleged misconduct of Detectives Singleton and Williams did not relate to Davis' case, such evidence would be relevant only for impeachment purposes.

To the extent that Davis relies on the "fortuitous" letter from Ms. Benyard and his more recent discovery of additional police misconduct and witness recantation, *see infra*, to support his claim that the detectives have a "history of misconduct," Davis' Brief at 2, we note that in his PCRA petition, Davis did not proffer evidence of any such "history"; rather, he limited his after-discovered evidence claim to an article regarding the detectives' participation in a reward-splitting scheme. Thus, other instances of misconduct inappropriately are being raised for the first time on appeal. *Burton*, *supra*; Pa.R.A.P. 302(a).

- 11 -

Thus, the PCRA court correctly concluded that Davis' PCRA petition did not set forth a sufficient ground for relief based on the detectives' misconduct, and that no hearing was required.[3]

In the final part of his first issue, Davis asserts that prior PCRA counsel was ineffective for failing to investigate the detectives' misconduct when litigating his first PCRA petition. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place. **Commonwealth v. Johnson**, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." **Id.** This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) the petitioner was prejudiced by counsel's act or omission. **Id.** at 533. A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. **Commonwealth v. Martin**, 5 A.3d 177, 183 (Pa. 2010).

---

[3] Throughout his brief, Davis argues that the article at issue stated that the district attorney's office possessed "irrefutable evidence" regarding Detectives Singleton and Williams. Our reading of the article, however, clearly demonstrates that this term was used when referring to other homicide detectives.

The PCRA court found that Davis' counsel could not be ineffective because Davis could not establish his after-discovered evidence claim:

> [Davis] fails to demonstrate that Singleton's and William[s'] alleged pattern of misconduct influenced the outcome of this case, as he fails to present admissible evidence to support his claims. Because of that, he further fails to demonstrate that prior PCRA counsel had a reasonable basis to present an identical challenge while his original petition was pending before [the PCRA court]. Since [Davis] fails to support his claim with admissible evidence, PCRA counsel cannot be deemed ineffective for failing to raise it on collateral review.

PCRA Court Opinion, 1/14/21, at 10-11. We agree. ***See Small*** (after-discovered evidence must be producible).

In his second issue, Davis asserts that this Court should have remanded this matter to the PCRA court for further proceedings based on his assertion of additional criminal activity allegedly committed by Detective Williams and another "fortuitous turn of events" in the form of a letter from another Commonwealth witness asserting misconduct by the detectives in his case. Davis's Brief at 31. This claim is specious.

Once Davis filed an appeal from the PCRA court's final order dismissing his latest PCRA petition, that court lost jurisdiction; jurisdiction cannot be restored by a remand from this Court. Davis' reliance on Pennsylvania Rule of Criminal Procedure 720(C) is misplaced, as that rule references after-discovered evidence discovered during the post-sentence motion proceedings and/or on direct appeal--not during the post-conviction process. At this point, if Davis uncovers additional "after-discovered evidence," his only option is to

file another petition. *See* Pa.R.Crim.P. 720(C), Comment. Of course, this petition will be untimely, and Davis will first have to satisfy one or more exceptions to the PCRA's time bar. *Brown*, *supra*.

In sum, as to Ms. Benyard's letter, the PCRA court correctly determined that Davis could not meet the newly-discovered fact exception to the PCRA's time bar. As to Davis' claims of the detectives' misconduct, the record supports the PCRA court's conclusion that the claim entitles him to no relief. Moreover, the PCRA court correctly concluded that Davis' claim of PCRA counsel's ineffectiveness failed because it was based upon his unsuccessful claim of the detectives' misconduct. Finally, this Court did not err in denying Davis' motion for a stay and remand.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/28/2022